CLOSED

FILED
JUN 16 2005
CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIO GONZALEZ PEREZ

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Case No. 04-60181
Criminal Case No. 02-90009

HON. MARIANNE O. BATTANI

# OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE

## I. INTRODUCTION

Before the Court is Petitioner Perez's 28 U.S.C. §2255 Motion to Vacate, Set Aside, or Correct Sentence. Petitioner makes two related arguments in support of his motion. First, he contends that his attorney failed to inform him that he had a right to have a jury determine the amount of chemicals for which he was held responsible. Second, he argues that the sentencing judge improperly determined the amount of chemicals by using the preponderance of the evidence standard and improperly relied upon the Probation Department's Pre-Sentence Report ("PSR").

## II. STANDARD OF REVIEW

A federal prisoner may file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To prevail on a motion alleging constitutional error, the movant bears the burden

of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. Brecht v. Abrahamson, 507 U.S. 619, 653-38 (1993); Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003). To prevail on a motion alleging non-constitutional error, the movant must demonstrate a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990); Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

## III. ANALYSIS

In the past two years, the "sentencing landscape [has] changed dramatically." United States v. Kuhn, 351 F.Supp.2d 696, 698 (E.D.Mich. 2005). On June 24, 2004, the Supreme Court found unconstitutional a state court sentencing scheme that permitted the sentencing judge to enhance a defendant's sentence beyond the statutory maximum. Blakely v. Washington, __U.S.__, 124 S.Ct. 2531 (2004). The scheme was unconstitutional because the constitution requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. 124 S.Ct. 2531.

On January 12, 2005, the Supreme Court extended the Blakely holding to the Federal Sentencing Guidelines and held that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment guarantee to the right to a jury trial. United States v. Booker, __U.S.__, 125 S.Ct. 738 (2005). In so holding, the Supreme Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "[a]ny fact

(other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756. Rather than invalidate the Guidelines in their entirety, the Court severed a provision making the Guidelines mandatory and an appellate review provision that required district judges to impose a sentence within the Guideline range or justify their departure. As a result of these changes, a sentencing judge need only consider the Guideline ranges as advisory. Id.

Petitioner's motion appears to be based solely on the Apprendi, Blakely, and Booker line of cases. However, his argument, that he should have been informed that he had a right to have a jury determine the amount of chemicals for which he would be held responsible, can be summarily dismissed for two reasons. First, the record indicates that Petitioner was informed that he had a right to trial before a jury. Having been informed of this right by the Court, Petitioner voluntarily signed the Rule 11 Plea agreement and verbally stipulated that the amount of chemicals he had helped package, conceal, and transport weighed approximately 86 kilograms. See United States v. Harris, No. 04-1589, 2005 WL 894581 at *2 (6th Cir. Mich. Apr. 19, 2005). In light of the Rule 11 agreement and Petitioner's verbal stipulations, the Court was not called upon to make any factual findings which affected petitioner's sentence.[1] Second, the Sixth Circuit has expressly held that the rule announced in Booker does not apply retroactively in collateral proceedings such as this. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir.

---

[1] The Court also notes that Petitioner received the benefit of a significant motion for downward departure filed by the Government that reduced his sentence to 92 months less than the minimum sentence recommended by the sentencing guidelines. Since this sentence did not exceed the maximum sentence authorized by the guilty plea, Apprendi is not properly invoked.

2005). This holding is consistent with every other circuit to consider Booker's retroactivity. See In re Olopade, 403 F.3d 159, 162-64 (3d Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir.2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d 2005).

## IV. CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Petitioner's motion.

**IT IS SO ORDERED.**

MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: June 16, 2005

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order were mailed and/or electronically delivered to Kathryn A. McCarthy and Julio Gonalez Perez on this date.

DEPUTY CLERK